UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-042-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EYRON J. SMITH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is pending for consideration of Defendant Eyron Smith's untimely objections to the United States Magistrate Judge's Recommended Disposition, which the Court construes as a motion for reconsideration. The motion [Record No. 71] will be denied because the defendant has not identified any basis upon which to disturb the Recommended Disposition or this Court's Memorandum Opinion and Order adopting it.

## I.

Defendant Smith pleaded guilty to possessing 40 grams or more of a substance containing fentanyl with the intent to distribute it and possessing a firearm after being convicted of a felony offense. He was sentenced to 100 months' imprisonment on each count, to run concurrently. Having waived his right to appeal, Smith filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on November 21, 2023.

Following conclusion of the briefing period, United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition in which he recommended that Smith's motion be denied. Smith did not file objections. Nevertheless, the Court reviewed the Magistrate Judge's

findings *de novo* and denied Smith's § 2255 motion on July 23, 2024. Smith then filed a timely notice of appeal. *See* Rule 11(b) of the Rules Governing § 2255 Proceedings; Fed. R. App. 4(b).

On August 12, 2024, the Court received a *pro se* motion from Smith which begins: "I received a recommen[d]ed disposition on 7-10-24, I am writing this letter/motion in response to the recommen[d]ed disposition of the government." Smith explains that his filing was untimely because he recently was transferred to a new facility and did not receive his mail.

Since a ruling has already been entered with respect to Smith's § 2255 motion, the Court construes his filing as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Smith mainly indicates that the Recommended Disposition contains legal mistakes or results in manifest injustice to him. Construing his motion liberally, Smith asserts that counsel was ineffective for failing to file a motion to suppress evidence seized from his vehicle. Specifically, he contends that counsel was ineffective for failing to seek suppression of evidence based on the argument that police lacked probable cause to search his vehicle. However, the United States tendered an affidavit from Smith's attorney stating that authorities had a warrant to search Smith's car, which counsel reviewed and concluded was valid. Counsel further reports that the warrant was among the discovery materials she provided to Smith at the Bourbon County Detention Center, so the defendant was aware of this information before entering a guilty plea in the case. The Court also notes Smith did not object to the

portion of the presentence report stating that authorities had a warrant to search his vehicle. Thus, this objection is without merit.

Smith next maintains that his guilty plea was not knowing and voluntary.  He reports that he was not honest during his plea colloquy but instead falsely answered the undersigned's questions the way his attorney had coached him respond.  And he asserts that he did not sell drugs and only possessed them for his personal use.

However, during the re-arraignment hearing, Smith was placed under oath and reminded that his answers to the Court's questions must be truthful.  After establishing that he was competent to enter a guilty plea, Smith reported that he had discussed the charges and the case in general with his attorney and that he understood them.  He further stated that he had reviewed the plea agreement with his attorney and that he understood its terms and conditions. The Assistant United States Attorney then summarized the central terms of the plea agreement, which Smith agreed were accurate.  Notably, Smith swore in open court that no one had made any promises or threats or in any way forced him to him to enter a guilty plea.  When asked to summarize what he did to be guilty of the charges, Smith stated that he "had a substance of fentanyl in [his] vehicle and was arrested with the substance and charged accordingly, as well as the firearms that [he] had in [his] possession."  [Record No. 57, p. 25]  He further admitted that he possessed more than 40 grams of fentanyl and, if the matter proceeded to trial, the government would be able to prove the charges against him.

A defendant's statements at the plea colloquy carry a strong presumption of veracity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  And when a defendant expressly represents in open court that his plea is voluntary, he ordinarily may not repudiate his statements.  *United States v. Todaro*, 982 F.2d 1025, 30 (6th Cir. 1993) (citing *Fontaine v. United States*, 411 U.S.

213, 215 (1973)).  In addition to taking Smith's sworn in-court statements at face value, the Court also notes that Smith did not object to the portion of the presentence report stating that he sold narcotics to a confidential informant on multiple occasions and that over 50 grams of fentanyl along with baggies and scales were in his car.  Only in exceptional circumstances, which are not present here, can an express, in-court statement of the voluntary nature of a plea be retracted.  *See Devlin v. United States*, 440 F.2d 671, 672 (6th Cir. 1971).

Smith's arguments concerning his attorney's alleged pre-plea representations about his criminal history category also fall flat.  He contends that counsel advised him that he would be placed in Criminal History Category IV and that, had he known that was inaccurate, he would have insisted on proceeding to trial.  But during Smith's re-arraignment, the Court advised him that it is impossible for the Court or his attorney to know the applicable guidelines range until after the presentence report had been prepared and any objections were resolved.[1]  The Court further admonished Smith that he would not be able to withdraw his guilty plea if his attorney's prediction about his guideline calculation was different from the Court's ultimate determination.  Smith acknowledged understanding these facts and cannot rely on counsel's alleged faulty sentencing prediction to set aside his sentence.

Finally, Smith raises an additional argument that may implicate an intervening change in the law.  He appears to assert an as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1), arguing that, even though he is convicted felon, he is a nonviolent offender and,

---

[1]  Paragraph 7 of the parties' Plea Agreement provides that "[n]o agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.  [Record No. 23]  This is standard language used throughout the Eastern District of Kentucky.

therefore, his right to possess a firearm for self-defense is protected by the Second Amendment. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 591 U.S. 1 (2022).

The Sixth Circuit recently observed that "most applications of § 922(g)(1) are constitutional" and, therefore, the law is not open to a facial challenge. *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). However, the statute might be susceptible to an as-applied challenge when "an individual has met his burden to demonstrate that he is not dangerous, and thus falls outside of § 922(g)(1)'s constitutionally permissible scope[.]" *Id.* Smith cannot meet that burden here.

District judges must make this determination by focusing on the individual's specific characteristics, including the person's entire criminal record. Certain crimes, such as murder, rape, assault, and robbery, "speak directly to whether an individual is dangerous." *Id.* In 2007, when Smith was 16 years old, he was involved in a large public disturbance in which he led and incited other juveniles in violent and tumultuous conduct. During that same period, he became physically aggressive with a teacher and had to be restrained. The teacher sustained bruising to his head and was kicked in the groin area during the skirmish.

Smith was charged with murder in 2014 following the shooting death of Walter Gray, Jr., in Lexington, Kentucky, but eventually was convicted of complicity to reckless homicide. The court in *Williams* observed, "there is little debate that violent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.* These incidents are compelling evidence of Smith's dangerousness.

The Sixth Circuit identified "a second category of crimes" that, "while not strictly crimes against the person, may nonetheless pose a significant threat of danger." Drug trafficking is a "prime example" of this category since it is a "serious offense that, in itself,

poses a danger to the community," *id.* (quoting *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010), and "often leads to violence," *id.* (citing *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring in part and concurring in the judgment)).  Such crimes typically "put someone's safety at risk, and thus, justify a finding of danger."  *Id.*

In addition to the instant crime of conviction which involves trafficking a large amount of a particularly deadly controlled substance, Smith accumulated numerous convictions in this category between 2011 and 2018, including firearms offenses and fleeing or evading the police.  In December 2014, officers attempted to stop Smith's vehicle but he fled at a high speed, ultimately abandoning the vehicle and fleeing on foot.  Upon his apprehension, controlled substances and a loaded handgun were located on his person.  He was charged and convicted of numerous possession offenses, as well as trafficking synthetic cannabinoid agonists.

In June 2018, Smith again fled on foot after disobeying an officer's command to stop. He ultimately was convicted of first-degree possession of cocaine and second-degree fleeing or evading police.  He was given a suspended sentence of three years' imprisonment. Approximately four months later, Smith was arrested again and charged with first-degree possession of cocaine.

During Smith's sentencing hearing in November 2022, the Court noted that Smith presented a danger to the public based on his past conduct.  That conclusion remains.  Smith's past conduct, particularly his involvement in a shooting death, fleeing from police, and drug trafficking leave no question that he is dangerous.  Accordingly, any as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1) fails.

## II.

Additionally, the Court will deny Smith's request to appoint counsel. There is no constitutional right to appointed counsel in § 2255 proceedings. Instead, counsel may be appointed in the Court's discretion for any financially eligible person when the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). The issues presented herein are straightforward and capable of resolution on the record. Therefore, the appointment of counsel is not necessary.

## III.

A certificate of appealability will not issue with respect to the claims raised in Smith's motion under Rule 59(e). Smith has not made a "substantial showing of the denial of a constitutional right." *Slack v. Daniel*, 529 U.S. 473, 483 (2000). In other words, reasonable jurists could not debate this Court's conclusions that Smith has failed to undermine the validity of his guilty plea and that his as-applied challenge to 18 U.S.C. § 922(g)(1) fails because he is dangerous.

## IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.    Defendant Smith's construed motion for reconsideration and to appoint counsel [Record No. 71] is **DENIED**.

2.    A certificate of appealability will not issue.

Dated: September 19, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

.